United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Ervin J. Evans, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-23497-Civ-Scola |
| | ) | |
| Mark Inch and Florida Department | ) | |
| of Corrections, Defendant. | ) | |
| | ) | |

### Order Adopting Report and Recommendation and Dismissing Additional Complaint

This matter was referred to United States Magistrate Judge Lisette M. Reid consistent with Administrative Order 2019-02 of this Court, for a ruling on all pre-trial, non-dispositive matters and for a report and recommendation on any dispositive matters. On August 26, 2020, Judge Reid issued her report (the "Report"), recommending that, upon initial screening, in accordance with 28 U.S.C. §§ 1915 and 1915A, the Court dismiss Plaintiff Ervin J. Evans's claims as barred under 28 U.S.C. § 1915(g)'s "three strike" rule. (ECF No. 3, at 4.) Moreover, Judge Reid recommended that the dismissal should qualify as a "strike" under 28 U.S.C. § 1915A(b)(1) because assertion of venue in the Southern District of Florida is frivolous. (*Id.*) On September 3, 2020, Mr. Evans filed a second complaint alleging "imminent danger" of serious physical injury. (ECF No. 4.) For reasons stated below, the Court **affirms and adopts** the Judge Reid's Report (**ECF No. 3**) and **dismisses** the "imminent danger" complaint as barred under the "three strike" rule pursuant to 28 U.S.C. §1915(g) (**ECF No. 4**).

As detailed in the Report, Mr. Evans is an inmate in the Tomoka Correctional Institution, located in Volusia County, Florida, which is in the Middle District of Florida. (ECF No. 3, at 1.) He has been housed there since August 14, 2020. (ECF No. 1.) In his complaint, Mr. Evans alleges that "Colonel K. Kulpa," the Chief of Security at the Tomoka Correctional Institution, has "violated his right of access to his legal mail and/or the courts." (ECF No. 3, at 1.) Mr. Evans also alleges that Colonel Kulpa will "retaliate against and harass him . . . if the court does not take . . . action to protect him." (ECF No. 3, at 1-2.) Mr. Evans raises largely the same allegations in his September 3, 2020 complaint, but adds that his last resort "would be [to] attempt suicide" to avoid further harm from inmates and prison staff. (ECF No. 4, at 4.) In his complaints, Mr. Evans names as defendants Mark Inch and the Florida Department of Corrections both of which

are residents of the Northern District of Florida. (ECF No. 3, at 2.) The Plaintiff does not allege that any conduct took place in the Southern District of Florida, or that any of the Defendants reside here.

Pursuant to 28 U.S.C. § 1391(b), venue is proper in the district "in which any defendant resides, if all defendants are residents of the State in which the district is located" or where "a substantial part of the events . . . giving rise to the claim occurred." Given the allegations in Mr. Evans's complaint, the Court finds that venue is proper in either the Northern or Middle District of Florida.

Issues of venue notwithstanding, Judge Reid recommended that this case be dismissed as "plaintiff is a 'three striker' under 28 U.S.C. § 1915(g) and has not paid the filing fee or alleged that he is in imminent danger of serious physical injury." The Court agrees and adopts the Report to the extent it recommends dismissal of Mr. Evans's initial complaint (ECF No. 1). The dismissal of this complaint qualifies as a "strike" under 28 U.S.C. § 1915A(b)(1) as assertion that venue was proper in the Southern District of Florida is frivolous.

On September 3, 2020, Mr. Evans filed an additional complaint, alleging that he is in "imminent danger" of serious physical injury. *See* 28 U.S.C. § 1915(g) (noting a prisoner who has "three strikes" may nonetheless bring a civil action if they "under imminent danger of serious physical injury.") This Court has reviewed Mr. Evans's "imminent danger" complaint and finds that Mr. Evans's allegations as to imminent danger are too vague and conclusory to satisfy 28 U.S.C. § 1915(g). *Cooper v. Bush*, No. 3:06-cv-653-J-32TEM, 2006 WL 2054090, at *1 n.3 (M.D. Fla. July 21, 2006) (finding "vague and conclusory allegations of possible future harm are insufficient to trigger the 'imminent danger of serious physical injury' exception under § 1915(g)."). As Mr. Evans has failed to establish he is in imminent danger of serious physical injury, Mr. Evans's September 3, 2020 "imminent danger" complaint is also dismissed, pursuant to 28 U.S.C. § 1915(g). Moreover, as with his initial complaint, venue is improper in this district. If Mr. Evans is able to adequately allege "imminent danger," he must do so in the district where he is detained, not in the Southern District of Florida.

In light of the above, the Court **affirms and adopts** Magistrate Judge Reid's Report (**ECF No. 3**.) The Court also **dismisses** the Plaintiff's "imminent danger" complaint, pursuant to 28 U.S.C. §1915(g). (**ECF No. 4**.) The Court directs the Clerk to **close** this case and **mail** a copy of this order to the Plaintiff at the address indicated below. Any pending motions are **denied as moot**.

**Done and ordered** in chambers, at Miami, Florida, on September 4, 2020.

Robert N. Scola, Jr.
United States District Judge

**Copy via U.S. mail to:**
**Ervin J. Evans**
#180749
Tomoka Correctional Institution
Inmate Mail/Parcels
3950 Tiger Bay Road
Daytona Beach, FL 32124